NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JAMES C. LEEPER,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2010-7068

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 09-3409.

---

**ON MOTION**

---

Before RADER, *Chief Judge*, BRYSON and MOORE, *Circuit Judges.*

PER CURIAM

## ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and dismiss James C. Leeper's appeal in this case, or in the alternative moves to

summarily affirm the judgment of the United States Court of Appeals for Veterans Claims.

The United States Court of Appeals for Veterans Claims dismissed James C. Leeper's appeal for lack of jurisdiction. The court determined that Leeper failed to exhaust his administrative remedies and concluded that it could not exercise jurisdiction without a final Board of Veterans' Appeals decision. Leeper filed an appeal with this court seeking review of that decision.

The court's jurisdiction to review decisions of the Court of Appeals for Veterans Claims is limited. *See Forshey v. Principi*, 284 F.3d 1335, 1338 (Fed. Cir. 2002) (en banc). Under 38 U.S.C. § 7292(a), this court has jurisdiction over rules of law or the validity of any statute or regulation, or an interpretation thereof relied on by the court in its decision. This court may also entertain challenges to the validity of a statute or regulation, and to interpret constitutional and statutory provisions as needed for resolution of the matter. 38 U.S.C. § 7292(c). In contrast, except where an appeal presents a constitutional question, this court lacks jurisdiction over challenges to factual determinations or laws or regulations as applied to the particular case. 38 U.S.C. § 7292(d)(2).

In his informal brief, Leeper appears to only contest the effective date for his entitlement to service connected disability compensation. However, because the Court of Appeals for Veterans Claims dismissed Leeper's appeal in that court for lack of jurisdiction and did not address the merits of his claim for benefits, issues concerning Leeper's claim for an earlier effective date are not before us. To the extent that Leeper seeks to challenge whether the Court of Appeals for Veterans Claims correctly determined that it lacked jurisdiction over his appeal, we summarily affirm. When the Board has not rendered a final and appealable decision on a particular matter, the Court of Appeals for Veterans Claims has no jurisdiction

to consider an appeal. 38 U.S.C. § 7266(a) (providing for review of a final decision of the Board).

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motion to dismiss is denied.

(2) The Secretary's motion to summarily affirm is granted.

(3) Each side shall bear its own costs.

FOR THE COURT

AUG  2 2010
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:  James C. Leeper
     Douglas G. Edelschick, Esq.

s20

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

AUG 02 2010

JAN HORBALY
CLERK